UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOSE CARLOS PORTILLO-VENTURA,  Case No. 6:19-cv-02039-MC

    Petitioner,  OPINION AND ORDER

    v.

BRANDON KELLY, Superintendent of
Oregon State Penitentiary,

    Respondent.
_____

MCSHANE, District Judge.

    Petitioner brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for Rape in the First Degree. Petitioner contends that the trial court's jury instructions failed to ensure that jurors agreed on the conduct underlying the charges and violated his rights under the Sixth and Fourteenth Amendments. The state court rejected petitioner's claim in a decision that is entitled to deference, and the Petition is DENIED.

- 1 -   OPINION AND ORDER

BACKGROUND

In May 2011, petitioner was charged with two counts of Kidnapping in the Second Degree (Counts One and Two), two counts of Rape in the First Degree (Counts Three and Four), and two counts of Sexual Abuse in the First Degree (Counts Five and Six). Resp't Ex. 102; Resp't Ex. 103 at 6-7. The charges arose from the repeated sexual assault of a pregnant woman, Ms. Bautista-Cruz, after she was lured to petitioner's apartment with an offer of baby items. Resp't Ex. 103 at 791. Petitioner admitted having sexual intercourse with Ms. Bautista-Cruz but claimed it was consensual. Resp't Ex. 103 at 541.

The case proceeded to trial, and Ms. Bautista-Cruz testified that petitioner committed three separate acts of rape on May 10, 2011. Resp't Ex. 103 at 791-94. She testified that petitioner raped her the first time as she was standing beside his bed. Resp't Ex. 103 at 792. She further testified that petitioner raped her a second time while she lay on her back on the bed, and a third time as she lay on her side. Resp't Ex. 103 at 793-94. After Ms. Bautista-Cruz testified on direct examination, the trial court informed the parties that the instructions and verdict forms should differentiate or specify the criminal conduct alleged in each count: "I mean you have…two counts of Rape One, and two counts of Sex Abuse One, and two counts of Kidnapping Two, and I guess we need to differentiate, you know somehow. Those need to be identified by the State." Resp't Ex. 103 at 362-63.

According to the record, the trial court and the parties agreed that the specific conduct underlying Counts 3 and 4 would be distinguished by referencing the rape charged in Count Three as the "first in time" and the rape charged in Count Four as the "second in time." Resp't Ex. 121 at 2. When instructing the jury, the trial court summarized the charges against petitioner accordingly:

> In this case the defendant is charged with the following crimes. Count One, Kidnapping in the Second Degree (Taken from); Count Two, Kidnapping in the Second Degree (Secretly Confined); Count Three, Rape in the First Degree[,] first time; Count Four, Rape in the First Degree, second time; Count Five, Sexual Abuse in the First Degree, first time; Count Six, Sexual Abuse in the First Degree, second time.

Resp't Ex. 103 at 234. The trial court similarly identified the rape counts when instructing jurors on the elements of the offense:

> Rape in the First Degree, Count Three: Oregon law provides that a person commits the crime of Rape in the First Degree, if the person knowingly has sexual intercourse with another person, and the person is subjected to forcible compulsion by him, first in time.
>
> ***
>
> Rape in the First Degree, Count Four: Oregon law provides that a person commits the crime of Rape in the First Degree, if the person knowingly has sexual intercourse with another person, and the other person is subjected to forcible compulsion by him, second in time.

Resp't Ex. 103 at 237-38.

Finally, the trial court instructed the jury that "ten or more jurors must agree on your verdict" and explained the verdict forms for the "first in time" and "second time" rape counts:[1]

> And then going on to verdict, Rape in the First Degree, Count Three there's a special; there's a verdict form for each one of these counts. This is the first in time, and so once again a blank line not guilty, blank line guilty. One of those needs to be checked and signed.
>
> And then the same thing applies for Count Four, Rape in the First Degree, and that's the second time. And then a check mark needs to be made.

---

[1] At the time of petitioner's trial in January 2012, Oregon law permitted non-unanimous guilty verdicts in criminal cases if at least ten jurors voted to convict. *See Apodaca v. Oregon*, 406 U.S. 404, 410-14 (1972). In 2020, the Supreme Court held that the Sixth Amendment – incorporated to the States through the Fourteenth Amendment – requires unanimous guilty verdicts to support felony convictions. *Ramos v. Louisiana*, 140 S. Ct. 1390, 1397 (2020). The Supreme Court subsequently held that *Ramos* does not apply retroactively on federal collateral review. *Edwards v. Vannoy*, 141 S. Ct. 1547, 1552 (2021).

Resp't Ex. 103 at 241. The written instructions and verdict forms corresponded with the court's verbal instructions and likewise differentiated the rapes charged in Counts 3 and 4 as the "1st in time" and "2nd in time," respectively. Resp't Exs. 118 at 4, 7; Resp't Ex. 119 at 3-4. Petitioner's counsel did not object to this distinction or request a concurrence instruction.

During closing argument, the prosecutor referenced the "first" rape of Ms. Bautista-Cruz as she stood next to the bed and also discussed the rape that occurred while she lay on her back on the bed. Resp't Ex. 103 at 254-56. The prosecutor did not reference a third alleged act of rape.

The jury acquitted petitioner on the kidnapping offense charged in Count One and, by non-unanimous 10-to-2 verdicts, found petitioner guilty on all remaining counts. Resp't Ex. 103 at 352-56.[2] The trial court ultimately imposed consecutive and concurrent sentences totaling 150 months of incarceration. Resp't Ex. 101.

Petitioner directly appealed his conviction and argued that the trial court failed to instruct the jury that at least ten jurors must agree, or concur, on the specific conduct that supported Counts 3 and 4. Resp't Ex. 104. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 106-08. Petitioner then sought post-conviction relief on grounds of ineffective assistance of counsel, and the Oregon courts denied relief. Resp't Exs. 110, 123, 126-27.

On December 12, 2019, petitioner sought federal habeas relief in this action.

## DISCUSSION

Petitioner raises six Grounds for Relief in his Petition. Pet. at 6-7 (ECF No. 1). However, in his supporting brief, petitioner presents argument in support of only Grounds One and Four. *See* Pet'r Brief at 13-18 (ECF No. 44) Accordingly, petitioner fails to sustain his burden to prove

---

[2] In light of the Supreme Court's decision in *Edwards v. Vannoy,* petitioner's non-unanimous verdicts are not at issue in this proceeding.

that federal habeas relief is warranted on Grounds Two, Three, Five, and Six. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (stating that a habeas petitioner bears the burden of proving his case); *Davis v. Woodford*, 384 F.3d 628, 637-38 (9th Cir. 2004) (accord).

In Grounds One and Four, petitioner contends that the trial court committed error by failing to issue a concurrence instruction providing that ten jurors must agree on the specific conduct underlying the allegations of rape charged in Counts Three and Four. The Oregon Court of Appeals rejected this claim and respondent argues that its decision is entitled to deference.

A federal court may not grant habeas relief regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority or reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *see Penry v. Johnson*, 532 U.S. 782, 793 (2001) ("even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable"). To meet this highly deferential standard, a petitioner must demonstrate that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

- 5 -    OPINION AND ORDER

Petitioner argues that his rape convictions were obtained in violation of the Sixth and Fourteenth Amendments because the "the jury was not instructed that at least ten members of the jury must concur on the specific facts supporting each discrete count of conviction" and the State "did not elect factual scenarios tied to each count in a sufficient way to guard against a lack of concurrence among the ten jurors who voted guilty." Pet'r Brief at 13-14 (ECF No. 44). Petitioner emphasizes that the jury heard evidence of three separate acts of rape, and, absent a concurrence instruction, the jurors could have convicted petitioner of Counts 3 and 4 without ten jurors agreeing on the specific act of rape that supported each conviction. *See Jackson v. Virginia*, 443 U.S. 307, 316 (1979) (explaining that due process requires a trier of fact to find "every element of the offense" proven "beyond a reasonable doubt").

The Oregon Court of Appeals rejected this claim without issuing a written opinion. Resp't Ex. 108. Accordingly, this Court must "determine what arguments or theories . . . could have supported the state court's decision" and assess whether "fairminded jurists could disagree that those arguments or theories are inconsistent" with Supreme Court precedent. *Richter*, 562 U.S. at 102; *see also id.* at 99-100 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

As noted above, the trial court explained to the jury that Counts 3 and 4 referred to the acts of rape allegedly committed "first in time" and "second in time," in accordance with the parties' agreement. Resp't Ex. 103 at 234, 237-38; Resp't Ex. 121 at 2. The court also instructed the jury that the verdict forms for Counts 3 and 4 likewise referred to the acts of rapes occurring "first in time" and "second in time," and the written instructions and verdict forms were consistent with the court's verbal instructions. Resp't Ex. 103 at 241; *see also* Resp't Exs. 118-

19 (written instructions and verdict forms). Finally, in his closing argument, the prosecutor identified the factual basis for Count 3 as the "first" rape that occurred while Ms. Bautista-Cruz was standing next to the bed and discussed the second rape that occurred while she lay on her back; the prosecutor did not refer to a third act of rape. Resp't Ex. 103 at 254-56.

Given this record, the Oregon Court of Appeals reasonably rejected petitioner's claim on grounds that the State elected which specific conduct supported convictions for Rape in the First Degree, as charged in Counts Three and Four, and the jury was instructed accordingly. Further, considering the entirety of the jury instructions and verdict forms, petitioner fails to show that the omission of a concurrence instruction "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire,* 502 U.S. 62, 72 (1991) (citation omitted); *see also Henderson v. Kibbe*, 431 U.S. 145, 155 (1977) ("An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.").

Petitioner cites no clearly established federal law that conflicts with the decision of the Oregon Court of Appeals, and he fails to establish entitlement to federal habeas relief.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED and this case is DISMISSED. A Certificate of Appealability is DENIED on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 23rd day of August, 2022.

                                                                          s/ Michael J. McShane
                                                                          MICHAEL J. MCSHANE
                                                                          United States District Judge